# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER STOLLER and LEO STOLLER, as the legal guardian of MICHAEL STOLLER, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 18-cv-47<br>)<br>) Judge Sharon Johnson Coleman |
| v. | )<br>) |
| BERKSHIRE HATHAWAY, INC., WARREN E. BUFFETT, CMH MANUFACTURING, INC., CLAYTON HOMES, INC., CMH MANUFACTURING WEST, INC., KEVIN T. CLAYTON, TIM WOODS, LARRY TOMPKINS, TIM KUHM, SIMPSON, MCMAHAN, GLICK & BURFORD, PLLC, JONATHEN E. BELING, CLAYTON HOME BUILDING GROUP, BERKSHIRE HATHAWAY HOME BUILDERS, and JOHN DOES 1-10, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiffs, Christopher Stoller and Michael Stoller, brought this action against numerous defendants. Michael Stoller was subsequently replaced in this lawsuit by his father, Leo Stoller,[1] and the majority of the defendants were dismissed based on inadequate service of process. The two remaining defendants, CMH Manufacturing West, Inc. and CMH Manufacturing, Inc., now move for judgment on the pleadings. The plaintiffs have filed a cross-motion for judgment on the pleadings, and also move to strike the defendants' motion. For the following reasons, the plaintiffs' motion to strike and request for sua sponte sanctions [206] is denied, the plaintiffs' motion for judgment on the pleadings [205] is denied, and the defendants' motion for judgment on the pleadings [175] is granted in part and denied in part.

---

[1] For purposes of clarity the Court describes these claims as belonging to Michael Stoller throughout.

**Background**

The following facts are taken from the pleadings and are accepted as true for the purpose of the present motion.

In 2015, Christopher Stoller entered into discussions with Tim Woods about becoming a reseller of CMH manufactured homes in the Lake Geneva area of Wisconsin. In early 2017, Christopher Stoller and Tim Woods executed an agreement for Stoller to become a retailer of CMH homes. As part of that agreement, Christopher Stoller certified that "all Authorized Products are purchased for resale or demonstration purposes only." A "Confirmation Order" was subsequently entered on February 20, 2017, reflecting that Christopher Stoller had ordered one of CMH's prefabricated homes.

Woods and Christopher Stoller subsequently executed a Construction Contract Agreement in May of 2017, although that Contract states in its terms that it was made as of February 20, 2017. The Construction Contract Agreement incorporated the Confirmation Order as the scope of work to be performed. The plaintiffs allege that CMH breached their obligations under the Construction Contract Agreement and, by incorporation, the Confirmation Order, by providing a house that varied from specifications and suffered from material defects. The plaintiffs further allege that the home was damaged while being set on its foundation, and that CMH refused to make repairs necessary to render the property livable or marketable.

**Legal Standard**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings, which consist of the complaint, the answer, and any written instruments attached as exhibits. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards

as a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must assert factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018).

**Discussion**

As an initial matter, the Court turns to the plaintiffs' motion to strike the defendants' motion for judgment on the pleadings and request for sua sponte sanctions. That motion is based on the plaintiffs' contention that the defendants improperly relied on documents beyond the scope of the complaint in their motion for judgment on the pleadings. The use of evidence beyond the scope of the pleadings, however, would only justify this Court in striking that evidence, not in striking the entirety of the defendants' motion. The Stollers do not ask this Court to strike the individual pieces of evidence at issue, and this Court therefore declines to consider the merits of the exhibits at issue in ruling on the motion to strike.

The plaintiffs also seek the issuance of sua sponte sanctions against the defendants. The plaintiffs, however, have failed to identify any legal ground on which a *federal* court could authorize sanctions against the defendants. Indeed, it is well established that federal courts cannot sanction litigants sua sponte. *Johnson v. Waddell & Reed, Inc.*, 74 F.3d 147, 150–51 (7th Cir. 1996). Even if the

plaintiffs had identified a legal basis for their request for sanctions, moreover, there is nothing unreasonable or frivolous about the defendants' motion. Accordingly, the plaintiffs' request for sanctions is also denied.

The defendants' motion contends (1) that the Stollers' claims for violations of the Illinois Consumer Fraud Act, common law fraud, equitable estoppel, and civil conspiracy fail to satisfy the heightened leading standard of Federal Rule of Civil Procedure 9(b), (2) that the Stollers' claims for conversion, intentional infliction of emotional distress, tortious inducement of breach of a fiduciary duty, tortious interference with contract, and aiding and abetting fail to state a claim on which relief may be granted, (3) that Michael Stoller's breach of contract claim fails to allege a cognizable interest in the contract at issue, and (4) that Christopher Stoller's breach of contract claim fails to allege that the contract at issue was supported by consideration.

In response, the Stollers assert that these arguments must be rejected because the defendants improperly rely on evidence outside the pleadings to support their motion. Federal Rule of Civil Procedure 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Documents attached to a motion to dismiss or motion for judgment on the pleadings are similarly considered to be part of the pleadings if they are referenced in the plaintiffs' complaint and are central to their claims. *188 LLC v. Trinity Indus. Inc.,* 300 F.3d 730, 735 (7th Cir. 2002). This exception exists in order to prevent parties from surviving a motion to dismiss by "artful pleading or by failing to attach relevant documents." *Id.*

Here, both the Retailer Agreement and the Service and Inspection Agreement were attached to the complaint as Exhibit 6. Although the defendants have now provided fully executed copies of the unsigned agreements that were originally attached to the complaint, the Stollers' have not established that the substitution of executed contracts for unexecuted contracts is material or improper. Those documents are accordingly taken to constitute a part of the pleadings.

4

Unlike the Retailer Agreement and the Service and Inspection Agreement, the New Retailer Application was not attached to the complaint. It was, however, referenced in the Retailer Agreement, which provided that "Retailer agrees to buy the CMH manufactured housing and related authorized products identified on the New Retailer Application (Form 101A)." This Court is therefore empowered to consider the New Retailer Application because it was expressly incorporated into the Retailer Agreement. *Id.*

This leaves the matter of the Data Plate, which was not referenced in the complaint or in the exhibits attached to the complaint. The defendants contend that the data plate is properly before this Court because it is central to the Stollers' breach of contract claim. To the contrary, the data plate is not central to the Stollers' claim but is instead central to the defense against that claim. *See generally Elward v. Electrolux Home Products, Inc.*, 264 F. Supp. 3d 877, 886 (N.D. Ill. 2017) (Lee, J.) (recognizing that documents relevant solely to affirmative defenses are unlikely to be within the scope of the court's inquiry at the pleading stage). Accordingly, the data plate is not properly before this Court.

The Court turns to the Stollers' arguments concerning the doctrine of unclean hands. The doctrine of unclean hands prevents a party from recovering when that party is guilty of misconduct in connection with the subject matter of the litigation. *Gambino v. Boulevard Mortg. Corp.*, 922 N.E.2d 380, 416, 398 Ill.App.3d 21 (2009). The Stollers, without any supporting authority, attempt to apply the doctrine of unclean hands to the defendants' litigation conduct, based on their erroneous and conclusory assertion that the present motion is frivolous. Even if it was, however, the doctrine of unclean hands only applies to conduct concerning the subject matter of litigation, not the conduct of litigation. *Cf. Scheiber v. Dolby Labs., Inc.,* 293 F.3d 1014, 1021 (7th Cir. 2002) ("'Unclean hands' really just means that in equity as in law the plaintiff's fault, like the defendant's, is relevant to the question

of what if any remedy the plaintiff is entitled to."). It accordingly provides no basis for denying the defendants' motion for judgment on the pleadings.

Aside from their arguments concerning the scope of documents properly considered in ruling on this motion, the Stollers' only substantive argument is their cross-motion for partial judgment on the pleadings on their breach of contract claims. The Stollers make no attempt to counter the defendants' arguments that judgment on the pleadings is warranted with respect to the Stollers' claims for violations of the Illinois Consumer Fraud Act (Count II), common law fraud (Count V), conversion (Count VI), intentional infliction of emotional distress (Count VII), equitable estoppel (Count VIII), tortious inducement of breach of fiduciary duties (Count IX), civil conspiracy (Count X), tortious interference with contract (Count XI), contract fraud (Count XII), or aiding and abetting (Count XIII). The Stollers' silence on these issues effectively amounts to their concession. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). The Court is therefore compelled to grant judgment on the pleadings with respect to those claims.

The Court accordingly turns to the parties cross-motions for judgment on the pleadings with respect to the breach of contract. The defendants contend that Michael Stoller cannot state a claim for breach of contract because he was not a party to any of the contracts at issue. It is well settled that under Illinois law a nonparty to a contract can sue for breach of that contract only if the contracting parties intended to confer a direct benefit upon the nonparty. *Terrell v. Childers*, 836 F. Supp. 468, 473 (N.D. Ill. 1993) (quoting *Carson Pirie Scott & Co. v. Parrett*, 178 N.E. 498, 501, 346 Ill. 252 (1931)). Although it is alleged that Michael Stoller had an "equitable interest" in the property at issue, there is no allegation to suggest that he was an intended direct beneficiary of the parties' contract. To the contrary, his interest appears to arise from residency; a use at odds with the

6

language of the contracts at issue. Accordingly, Michael Stoller has failed to state a claim for breach of contract.

Christopher Stoller's breach of contract claim is based on the defendants' alleged breach of the May 25, 2017, Construction Contract Agreement. Stoller, in his cross-motion for judgment on the pleadings, contends that judgment is warranted because the defendants clearly breached this agreement by failing to perform the described work, failing to repair defects in the house, and failing to comply with the contract's certification provisions. The defendants, however, denied these factual allegations in their answer. Accordingly, Christopher Stoller cannot establish that he is entitled to judgment on the pleadings. *See Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) ("For purposes of the motion [for judgment on the pleadings,] the allegations of the moving party which have been denied are assumed to be false."); *see also Friedman v. Washburn Co.*, 145 F.2d 715, 717 (7th Cir. 1944).

The defendants, conversely, contend that they are entitled to judgment on the pleadings because there was no consideration given in exchange for their execution of the Construction Contract Agreement (the defendants offer no explanation for why they would have executed a meaningless agreement). This argument turns on the defendants' assertion that it had fully performed its obligations under the Retailer Sales and Service Agreement, as demonstrated by the home's data plate. As previously discussed, however, the data plate is not properly before this Court and the defendants therefore are unable to establish when the Stollers' home was manufactured. Even if the data plate were admissible, moreover, it is altogether unclear whether the defendants' obligations under the Retailer Agreement were satisfied at the time of manufacture as opposed to the time of delivery or title transfer, and the defendants have not offered argument on this point.

The Court accordingly denies both parties' motions for judgment on the pleadings with respect to Christopher Stoller's breach of contract claims.

**Conclusion**

For the foregoing reasons, the plaintiffs' motion to strike [206] is denied, the defendants' motion for judgment on the pleadings [175] is granted in part and denied in part and the plaintiffs' cross-motion for judgment on the pleadings [205] is denied. Counts II–XIII are dismissed with prejudice. Michael Stoller's breach of contract claim is also dismissed with prejudice, and Michael and Leo Stoller are therefore dismissed from this action. Christopher Stoller's breach of contract claim remains pending.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: 1/9/2019