CHRISTOPHER STOLLER,         )
                                   )
               Plaintiff,        )     Case No. 18 C 0047
                                   )
               v.             )     Judge Sharon Johnson Coleman
                                   )
CMH MANUFACTURING WEST, INC., et al.,  )
                                   )
            Defendants.    )

## MEMORANDUM OPINION AND ORDER

In January 2019, the Court granted in part and denied in part defendants CMH Manufacturing West, Inc.'s ("CMH West") and CMH Manufacturing Inc.'s ("CMH Manufacturing") motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The remaining claim in this lawsuit is pro se plaintiff Christopher Stoller's common law breach of contract claim in relation to his purchase of a manufactured home.[1] Before the Court are cross-motions for summary judgment brought pursuant to Rule 56(a), along with Stoller's Rule 37(b) motion for sanctions and default judgment. For the following reasons, the Court grants defendants' motion and denies Stoller's motions. Civil case terminated.

**Background**

The background facts are based on the parties' Northern District of Illinois Local Rule 56.1 statements that are undisputed and supported by the record. This lawsuit arises from Stoller's wholesale purchase of a modular manufactured home from CMH West for use as a display home at Stoller's residential development in Geneva, Wisconsin. In January 2017, Stoller completed a New Retailer Application and executed a Retailer Sales and Service Agreement ("Retailer Agreement")

---

[1] On January 9, 2019, the Court dismissed Leo Stoller and Michael Stoller as plaintiffs because they were not parties to the relevant contracts.

making him an independent retailer of CMH West. The Retailer Agreement expressly incorporated terms of the New Retailer Application. Based on the New Retailer Application, Stoller was authorized to purchase the Crest Heritage line of homes from CMH West for resale or demonstration purposes only. Stoller was required to pay for any manufactured home "COD" or "cash on delivery."

In February 2017, Stoller ordered a Crest Heritage home adding construction options later reflected in a Confirmation Order. The total cost of the manufactured home was $105,929. CMH West completed the home on May 2, 2017. Later in May 2017, Stoller and CMH West's Market Development Manager Tim Woods entered into a Construction Contract Agreement drafted by Stoller that incorporated the Confirmation Order. According to Stoller, his lender required this sales agreement before it would process the loan for the home's purchase price. Similar to the Retailer Agreement and New Retailer Application, the Construction Contract Agreement required payment to CMH West of $105,929 upon delivery of the home. The custom-ordered home was delivered to Stoller's Wisconsin property in July 2017.

To date, Stoller has not paid the $105,929 purchase price for the manufactured home, let alone upon delivery as required by the Construction Contract Agreement. Instead, in January 2018, Stoller filed the present lawsuit alleging a breach of the Construction Contract Agreement based on the home's structural defects.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.

Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Palmer v. Franz*, 928 F.3d 560, 563 (7th Cir. 2019). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

**Discussion**

*Summary Judgment Motions*

The parties do not dispute that Illinois law governs Stoller's breach of contract claim. *Auto-Owners Ins. Co., v. Webslov Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009) ("Courts do not worry about conflicts of laws unless the parties disagree on which state's law applies."). To establish a breach of contract claim under Illinois law, Stoller must show (1) the existence of a valid and enforceable contract, (2) his substantial performance, (3) defendants' breach, and (4) resulting damages. *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019).

In their motion, defendants assert that Stoller has failed to set forth any evidence that he substantially performed under the contract because he has not paid the home's purchase price. Stoller, on the other hand, argues that despite the Construction Contract Agreement's language that payment "will be made upon delivery of the house to the Como Beach Subdivision, in the Town of Geneva Wisconsin," he was not required to pay the purchase price until defendants provided him with a "certificate of completion." In essence, Stoller argues that a certificate of completion was a condition precedent to paying the entire purchase price of $105,929. The Construction Contract Agreement's certificate of completion clause in paragraph three states:

> Upon completion of the Work, Builder shall notify Owner that the Work is ready for final inspection and acceptance. When Owner finds the Work acceptable and this Agreement fully performed, pursuant to the Confirmation Order attached marked as Exhibit 1. Builderr [sic] shall issue Owner a "Certificate of Completion" stating that the Work has been completed in accordance with the Confirmation Order.

(R. 353-1, Ex. A-6, ¶ 3.)  As far as structural defects, the Construction Contract Agreement provides:

> Builder warrants that the Work shall be in accordance with the Contract Documents and free from material structural defects.  Contractor shall redo or repair any Work not in accordance with the Confirmation Order, and to fix any defects caused by faulty materials, equipment or workmanship for a period of 6 months from the date of the completion of the Work.

(*Id.* ¶ 5.)

In construing contracts under Illinois law, "the primary objective is to give effect to the intention of the parties."  *Right Field Rooftops, LLC v. Chicago Cubs Baseball Club, LLC*, 870 F.3d 682, 689–90 (7th Cir. 2017).  In doing so, Illinois courts give unambiguous terms their plain, ordinary, and popular meaning, *see Sevugan,* 931 F.3d at 618, and interpret unambiguous contracts as a matter of law.  *In re Duckworth*, 776 F.3d 453, 456 (7th Cir. 2014).

The plain and unambiguous language of the Construction Contract Agreement requires Stoller to pay the contract price of $105,929 "upon delivery of the house."  Construing the contract as a whole, there is no indication from the language in paragraph three, nor the remainder of the contract, that the certificate of completion was a condition precedent to payment of the contract price.  *See Catholic Charities of Archdiocese of Chicago v. Thorpe*, 741 N.E.2d 651, 653, 251 Ill.Dec. 764, 766, 318 Ill.App.3d 304, 308 (1st Dist. 2000) (condition precedent found where intent is expressly stated on face of contract).  Language that a condition precedent may exist includes words like "when," "as soon as," "after," or "subject to"— words that are missing from the Construction Contract Agreement.  *See Interway, Inc. v. Alagna*, 407 N.E.2d 615, 619, 41 Ill.Dec. 117, 121, 85 Ill.App.3d 1094, 1099 (1st Dist. 1980).  Moreover, paragraph five of the Construction Contract Agreement provides a separate section for material structural defects allowing six months from the date of completion to fix any such defects.  This paragraph further supports the conclusion that fixing material structural defects was not a condition precedent to payment of the home's purchase price.

To raise a triable issue of fact, Stoller is required to set forth some evidence that he performed his obligations under the contract, namely, that he paid the purchase price. *See Celotex*, 477 U.S. at 322 ("plain language of Rule 56[ ] mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). He has failed to do so, thus the Court grants defendants' motion for summary judgment and denies Stoller's motion for summary judgment.

*Motion for Default and Sanctions*

In Stoller's motion for default and sanctions, he first argues that the Court should sanction defendants for filing a baseless motion for summary judgment. As discussed above, defendants' motion for summary judgment is anything but baseless.

Next, Stoller seeks sanctions in relation to defense witness depositions. He maintains that defense counsel agreed to transcribe and pay for the video depositions of these witnesses at an August 2019 status hearing before the Court. A review of the August 14, 2019 transcript reveals that Stoller himself offered to pay for the written transcripts and the Court informed him that he would have to pay for his own video depositions. (R. 336, 8/14/19 Motion Hearing Tr., at 25-27.) In short, defense counsel was adamant that defendants would not pay for video depositions and the Court agreed.

Stoller also seeks sanctions for the spoliation of evidence. To give context, by the October 18, 2019 status hearing, Stoller had failed to arrange for the August 2019 depositions to be transcribed. The Court directed Stoller to provide the thumb drive containing the audio recordings of the depositions to defense counsel so counsel could obtain its own transcripts. Once defense counsel received the thumb drive, however, two of the three files were empty and that the third file contained incomplete audio recordings. Under these facts, Stoller surmises that defendants

intentionally destroyed the video recordings to hide adverse information. Stoller's conjecture, without more, does not support his motion for sanctions because spoliation sanctions are only appropriate if a party had a duty to preserve evidence, but intentionally destroys the evidence in bad faith. *Reed v. Freedom Mortgage Corp.,* 869 F.3d 543, 549 (7th Cir. 2017). In other words, because Stoller has provided only speculation that defense counsel intentionally destroyed the thumb drive, the Court denies his motion for sanctions and default. *See Rummery v. Illinois Bell Tel. Co.,* 250 F.3d 553, 558 (7th Cir. 2001).

**Conclusion**

Based on the foregoing, the Court denies plaintiff's motion for summary judgment [354, 361] and grants defendants' summary judgment motion [349]. The Court, in its discretion, denies plaintiff's motion for sanctions and default [357]. Civil case terminated.

IT IS SO ORDERED.

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 2/10/2020